J-S46042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KYLE J. WILLIAMS, :
:
Appellant : No. 3176 EDA 2014

Appeal from the PCRA Order October 31, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0401451-2005

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 11, 2016**

Kyle J. Williams ("Williams") appeals from the dismissal of his first

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

*See* 42 Pa.C.S.A. §§ 9541-9546. This matter is again before this panel after

the Supreme Court of Pennsylvania vacated our decision in light of the

United States Supreme Court's decision in *Montgomery v. Louisiana*, 136

S. Ct. 718 (2016), concluding that its holding in *Miller v. Alabama*, 132 S.

Ct. 2455 (2012),[1] applies retroactively. We reverse the Order, vacate

Williams's judgment of sentence, and remand for resentencing.

---

[1] In *Miller*, the Supreme Court held that sentencing schemes, which
mandate life in prison without parole for defendants who committed their
crimes while under the age of eighteen, violates the Eighth Amendment's
prohibition on "cruel and unusual punishments." *Miller*, 132 S. Ct. at 2460.
The Supreme Court reasoned that, in light of a juvenile's diminished
culpability and heightened capacity for change, mandatory juvenile
sentencing schemes pose too great a risk of disproportionate punishment, in
contravention of the Eighth Amendment. *Id*. at 2469.

In 2006, following a jury trial, Williams was convicted of murder of the first degree, criminal conspiracy, carrying a firearm without a license, possessing an instrument of crime, and persons not to possess firearms.[2] The trial court sentenced Williams to a mandatory term of life in prison without the possibility of parole.

This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Williams's Petition for Allowance of Appeal. *Commonwealth v. Williams*, 954 A.2d 44 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 964 A.2d 2 (Pa. 2009).

On January 4, 2010, Williams filed a timely, *pro se*, PCRA Petition. Following a procedural history not relevant to this appeal, the PCRA court appointed Williams counsel. Appointed counsel filed an Amended PCRA Petition challenging Williams's life in prison without parole sentence pursuant to *Miller*, and raising ineffectiveness of counsel claims. Thereafter, the PCRA court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. The PCRA court then dismissed Williams's Petition.

This panel affirmed the dismissal, concluding that Williams's ineffectiveness claims were without merit, and *Miller* did not apply retroactively to juveniles in Pennsylvania whose judgments of sentence were

---

[2] Williams was 17 years old at the time he committed the murder. The victim died of two gunshot wounds to the back of the head. Williams subsequently confessed to his involvement in the shooting, and stated that he had killed the victim because the victim had robbed him of a couple hundred dollars.

final at the time *Miller* was decided. *See Commonwealth v. Williams*, 131 A.3d 108 (Pa. Super. 2015) (unpublished memorandum at 3-8).

Williams filed a Petition for Allowance of Appeal. On March 1, 2016, our Supreme Court granted the Petition, vacated this Court's decision solely as to Williams's *Miller* claim, and remanded for further proceedings based upon the United States Supreme Court's decision in *Montgomery*. *See Commonwealth v. Williams*, 2016 WL 797985, at *1 (Pa. 2016).

In *Montgomery*, the United States Supreme Court held that its decision in *Miller* applies retroactively. *Montgomery*, 136 S. Ct. at 736; *see also Commonwealth v. Secreti*, 2016 PA Super 28, at **5-6 (Pa. Super. 2016) (noting that *Montgomery* rendered the *Miller* rule of law retroactive).

Here, the trial court sentenced Williams, who was a juvenile at the time of the murder, to a mandatory sentence of life in prison without the possibility of parole. Thus, based upon *Montgomery*, we conclude that (1) *Miller* applies retroactively to Williams's sentence; (2) Williams's sentence is unconstitutional under *Miller*; and (3) Williams is entitled to a new sentencing hearing in accordance with *Commonwealth v. Batts*, 66 A.3d

286 (Pa. 2013).[3] *See Secreti*, 2016 PA Super 28, at **4-5.

Accordingly, we reverse the PCRA court's Order dismissing Williams's Petition, vacate Williams's judgment of sentence, and remand for resentencing in accordance with *Batts, supra*.

Order reversed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

---

[3] "*Miller* requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile." *Batts*, 66 A.3d at 296.

> [A]t a minimum [the trial court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

*Id*. at 297.  "[T]he imposition of a minimum sentence taking such factors into account is the most appropriate remedy for the federal constitutional violation that occurred when a life-without-parole sentence was mandatorily applied to [the a]ppellant."  *Id*.; *see also Montgomery*, 136 S. Ct. at 736 (stating that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016